UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EMMANUEL PHILIPPE,

                Petitioner,

     v.                                                9:21-CV-1106
                                                         (GLS/ATB)

TOWN OF COLONIE COURT,

                Respondent.[1]

---

APPEARANCES:                                    OF COUNSEL:

EMMANUEL PHILIPPE
Petitioner, pro se
54533
Albany County Correctional Facility
840 Albany Shaker Road
Albany, NY 12211

GARY L. SHARPE
United States Senior District Judge

## DECISION and ORDER

## I.    INTRODUCTION

Petitioner Emmanuel Philippe seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). On October 13, 2021, the case was administratively closed. Dkt. No. 2, Administrative Closure Order. Petitioner was afforded thirty days to properly commence the action by either paying the statutory filing fee or filing a properly certified in forma pauperis application. *Id.* at 2. Petitioner timely complied, remitting the

---

[1] The proper respondent in a habeas action brought pursuant to 28 U.S.C. § 2254 is the superintendent of the facility in which petitioner is incarcerated. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts & Advisory Notes. Petitioner has incorrectly named "The Town of Colonie Court" as respondent. Instead, the Clerk is respectfully directed to update the docket sheet to reflect the sole respondent, Sheriff Craig Apple, Warden of the Albany County Correctional Facility.

statutory filing fee, and the case was reopened.  *See* Dkt. Entry of Nov. 12, 2021 (identifying receipt information for filing fee transaction); Dkt. No. 3, Text Order Reopening Case.

## II.   THE PETITION

Petitioner challenges a felony complaint that was filed in the Town of Colonie Court. Pet. at 1.  Petitioner contends that, on August 16, 2021, a jailhouse informant planted contraband in his cell resulting in a criminal prosecution and forty-five-day sentence in the Special Housing Unit (SHU).[2]  *Id.* at 1-2.  Petitioner states that, while he was fingerprinted on August 18, 2021, and arraigned on September 17, 2021, nothing further has happened.  *Id.* at 2.  In sum, petitioner "do[es] not know what [he is] being charged with, . . . who the judge/prosecutor is, . . . [or] where the court is located."  *Id.*  Because petitioner has remained incarcerated for three weeks after his arraignment without even receiving a copy of the complaint, he argues that dismissal is appropriate.  *Id.* at 3.  Petitioner shares that he is unsure whether a grand jury proceeding or preliminary hearing has even happened, and he does not have any other pending motions in state or federal courts.  *Id.* at 8.

Specifically, petitioner argues that he is entitled to relief because (1) his arraignment violated both his Fifth and Fourteenth Amendment rights, Pet. at 3-5; (2) the town court deprived him of his Sixth Amendment right to represent himself, *id.* at 5-6; and (3) his due process and equal protection rights were violated when petitioner's right to testify at the grand jury was waived without his consent and he was denied his right to appear, *id.* at 6-8. For a complete statement of petitioner's claims, reference is made to the petition.

---

[2] Petitioner attached a "Psychiatric Consultation/Jail/Crisis/CC1" form to his petition.  Dkt. No. 1-1.  It indicates that "[s]taff found a razor in [petitioner's] cell, and when he was searched in the SHU, he was found to have a bag of Seroquel and Suboxone strips."  *Id.* at 2.  While it is unclear, it appears that the information reported on the form may relate to the pending felony complaint.

2

**III.   DISCUSSION**

Petitioner asks that this Court order the state court "to dismiss the felony complaint and all counts, or any other relief to which petitioner may be entitled." Pet. at 9. Essentially, petitioner seeks to have the Court both intervene in and terminate a pending state criminal matter.

"Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal district court must abstain from adjudicating claims seeking to dismiss or enjoin pending state criminal proceedings." *Griffin v. Warden of Otis Bantum Corr. Ctr.*, No. 1:20-CV-1707, 2020 WL 1158070, at *2 (S.D.N.Y. Mar. 10, 2020). Petitioner's present habeas action is nothing more than an attempt to circumvent this rule. Given the pending criminal matter, this Court must abstain. Therefore, the petition is dismissed.

"If [petitioner] wishes to litigate the claims raised in this [petition] or raise objections to the ongoing criminal proceedings, he should file the appropriate motion in the criminal action." *Thomas* v. Ramos, No. 1:20-CV-3422, 2020 WL 2192716, at *2 (S.D.N.Y. May 5, 2020).[3] Furthermore, "if [petitioner] is not satisfied with the result, he may raise the issue on direct appeal," or in a proper habeas petition thereafter. *Id.*

**IV.   CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that the Clerk is directed to update the caption to reflect the proper

---

[3] The Court in *Thomas* was considering a petitioner's request for a federal court to enjoin an ongoing federal criminal prosecution. *Thomas*, 2020 WL 2192716, at *2. While the petitioner in *Thomas* sought habeas relief pursuant to a different statute – § 2255 instead of § 2254 – and intervention in a pending federal criminal matter, instead of a state one, the direction remains the same. Any objections petitioner has with the ongoing criminal proceedings must be brought via an appropriate motion in the criminal action and then, if necessary, through a direct appeal and/or collateral attack.

respondent: Sheriff Craig Apple, Warden of the Albany County Correctional Facility; and it is further

      **ORDERED** that the petition (Dkt. No. 1) is **DISMISSED**; and it is further

      **ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules of Practice.

November 18, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge